# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

4BANK OF AMERICA, N.A.,        Case No. 4:14-cv-12505-TGB-MKM
successor by merger to            Hon. Terrence G. Berg
BAC Home Loans Servicing, LP, et al,  Magistrate Judge Mona K. Majoub

       Plaintiff,

v.

Damita C Johnson El Bey,

       Defendant.

## BANK OF AMERICA'S MOTION TO REMAND

Now comes Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP (hereinafter referred to as "BANA" or "Plaintiff"), by and through its attorneys, Trott & Trott, P.C., by Richard Welke, and for its Motion to Remand, states as follows:

1.    This eviction complaint, following a mortgage foreclosure by advertisement, was removed by Damita C Johnson El Bey (hereinafter referred to as "Johnson" or "Defendant"), from 36th District Court Michigan on June 25, 2014 to this Court.

2.    BANA argues that this Court lacks jurisdiction over the removal of Johnson's eviction complaint because it involves neither a federal question nor are the parties diverse.  For these reason, this matter should be remanded to the state court.

3.    BANA's eviction Complaint contains no basis for federal jurisdiction that appears on the face of the Complaint and Defendant Johnson admits she is a citizen of this state.

4.    This case was improperly removed for the purpose of avoiding or delaying the eviction proceedings following a mortgage foreclosure currently pending against Johnson and was made in bad faith, improper purpose, frivolous, vexatious or wanton conduct.   FRCP 11; 28 U.S.C. § 1447.

5.    Because the Notice of Removal lacks merit and was brought for an improper purpose, costs and attorneys' fees incurred as a result of removal should be awarded to BANA.

6.    Pursuant E.D. Mich. LR 7.1 (2)(A), there was a conference, by email, between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, BANA respectfully requests this Court remand this matter to the state court and award costs and reasonable attorney fees to BANA.

Dated: July 15, 2014

Respectfully Submitted,
TROTT & TROTT, P.C.

/s/ Richard Welke
Richard Welke
Attorney for Plaintiff, Bank of America, N.A.
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
(248) 723-5765
rwelke@trottlaw.com
(P44403)

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

BANK OF AMERICA, N.A.,
successor by merger to
BAC Home Loans Servicing, LP, et al,

      Plaintiff,

v.

Damita C Johnson El Bey,

      Defendant.

Case No. 4:14-cv-12505-TGB-MKM
Hon. Terrence G. Berg
Magistrate Judge Mona K. Majoub

## BANK OF AMERICA, N.A.'S
## BRIEF IN SUPPORT OF ITS MOTION TO REMAND

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................. ii

STATEMENT OF ISSUES PRESENTED ...................................... v

CONTROLLING AUTHORITY ................................................. iv

COMPLIANCE WITH LR 7.1 .................................................. iv

INTRODUCTION AND FACTUAL BACKGROUND ................................ 1

REMOVAL STANDARD ......................................................... 1

ARGUMENT ................................................................... 3

    a.    THIS COURT LACKS "FEDERAL QUESTION" JURISDICTION ............................................................. 3

    b.    THIS COURT LACKS "DIVERSITY" JURISDICTION ............. 4

    c.    COSTS AND ATTORNEYS' FEES INCURRED AS A RESULT OF REMOVAL SHOULD BE AWARDED TO BANA ............... 5

CONCLUSION .................................................................. 6

# INDEX OF AUTHORITIES

## CASES

*Ahearn v. Charter Twp.,*
     1998 U.S. App. LEXIS 13445 (6th Cir. Mich. June 18, 1998)..................6

*Amen v. City of Dearborn,*
     532 F.2d 554, 560 (6th Cir. 1976)...............................................3

*Benton v. Vanderbilt Univ.,,*
     118 F. Supp. 2d 877,881 (M.D. Tenn. 2000)...............................3

*Bucary v. Rothrock,*
     883 F.2d 447, 449 (6th Cir. 1989)...............................................5

*Caterpillar, Inc. v. Williams,*
     482 U.S. 386, 392 (1987) ..........................................................2

*Chase Manhattan Mortg. Corp. v. Smith,*
     507 F.3d 910 (6th Cir. Ohio 2007)..............................................7

*Cmty. Ins. Co. v. Rowe,*
     85 F. Supp. 2d 800, 804 (S.D. Ohio 1999) .................................3

*Coyne v. Am. Tobacco Co.,*
     183 F.3d 488, 493 (6th Cir. 1999)...............................................3

*Franchise Tax Bd. v. Construction Laborers Vacation Trust,*
     463 U.S. 1,9 (1983) .................................................................4

*Eastman v. Marine Mech. Corp.,*
     438 F.3d 544, 550 (6th Cir. Ohio 2006).....................................1

*Gafford v. Gen. Elec. Co.,*
     997 F.2d 150, 158 (6th Cir. 1993)...............................................3

*Glovier v. Barton Homes, LLC,*
     452 F. Supp. 2d at 660, 657,660 (W.D. LA 2006).....................2

*Gully v First Nat'l Bank of Meridian,*
    299 U.S. 109, 112 (1936) ................................................................. 1, 2

*Hayden v. Reickerd,*
    1993 U.S. App. LEXIS 34104, 1993 WL 523596 at *1-2 (9th Cir.
    1993) ................................................................................................ 6

*Hudgins Moving & Storage Co., Inc. v. Am. Express Co.,*
    292 F. Supp 2 d 991,995-96 (M.D. Tenn. 2003) ........................................ 3

*Lincoln Prop. Co. v. Roche,*
    546 U.S. 81, 83-84 (U.S. 2005) ............................................................ 3

*Majesty the Queen v. Detroit,*
    874 F.2d 332, 229 (6th Cir. 1989) ........................................................ 3

*Merrell Dow Pharms., Inc. v. Thompson,*
    478 U.S. 804, 808-09 (1986) ............................................................... 2

*Miller v Norfolk & W. Ry. Co.,*
    834 F.2d 556, 562 (6th Cir. 1987) ........................................................ 4

*Miranti v. Lee,*
    3 F.3d 925,928 (5th Cir. 1993) ............................................................ 6

*Sanford v. Moving Picture Mach. Operators' Protective Union,*
    1993 U.S. App. LEXIS 33455, 1993 WL 542168, at *1 (4th Cir. 1993) .. 6

*Schmitt v. Ins. Co. of N. Am.,*
    845 F.2d 1546, 1552 (9th Cir. 1988) .................................................... 6

*Sprague v. Bulletin Co.,*
    527 F. Supp. 1016, 1017 (E.D. Pa. 1981) ............................................. 4

*Temptations, Inc. v. Wager,*
    26 F. Supp. 2d 740,744 (D.N.J. 1998) ................................................. 4

*Thornton v. Southwest Detroit Hosp.,*
    895 F.2d 1131, 1133 (6th Cir. 1990) ................................................... 1

*Union Planters Nat'l Bank v. CBS, Inc.,*
    557 F.2d 84, 89 (6th Cir. 1977)................................................................3

*V & M Star LP v. Centimark Corp.,*
    596 F.3d 354 (6th Cir. 2010)................................................................3

## FEDERAL STATUTE

28 U.S.C. § 1331 .....................................................................................1, 3
28 U.S.C. § 1332 .....................................................................................2, 4
28 U.S.C. § 1441(b)................................................................................2, 4
28 U.S.C. § 1447 .....................................................................................5, 7
28 U.S.C. § 1447(c)......................................................................................6

## FEDERAL RULES

Fed. R. Civ. P. 11 ........................................................................................5

## **STATEMENT OF ISSUES PRESENTED**

I.   WHETHER THE COURT LACKS "FEDERAL QUESTION"
     JURISDICTION?

      Plaintiff states:     YES

      Defendant states:   NO


II.  WHETHER THE COURT LACKS "DIVERSITY" JURISDICTION?

      Plaintiff states:     YES

      Defendant states:   NO


III. WHETHER COSTS AND ATTORNEYS' FEES INCURRED SHOULD
     BE AWARDED BANA?

      Plaintiff states:     YES

      Defendant states:   NO

## CONTROLLING AUTHORITY

Defendant will argue that failure of the removing party to demonstrate either a federal question or that the parties are diverse, as required by the cases cited, mandates the remand of this complaint.

## COMPLIANCE WITH LR 7.1 SEEKING CONCURRENCE IN MOTION AND REQUESTS

On July 9, 2014 pursuant to Local Civil Rule 7.1, a correspondence was sent to the Plaintiff by email at the address listed on the PACER notices, requesting concurrence with the relief requested in this motion and to inquire if this motion will be opposed. As of the date of the filing of this motion, no concurrence has been received.

## BRIEF IN SUPPORT OF BANK OF AMERICA'S MOTION TO REMAND

Now comes Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP (hereinafter referred to as "BANA" or "Plaintiff"), by and through its attorneys, Trott & Trott, P.C., by Richard Welke, and for its brief in support of its Motion to Remand, states as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

This eviction complaint was removed by Damita C Johnson El Bey (hereinafter referred to as "Johnson" or "Defendant"), from 36th District Court Michigan on June 25, 2014 to this Court.     BANA argues that this Court lacks jurisdiction over the removal of Johnson's eviction complaint because it involves neither a federal question nor are the parties diverse.  For these reasons, this matter should be remanded to the state court.

## REMOVAL STANDARDS

The standards for removal and remand are well known to this Court. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; *Gully v. First Nat'l Bank of Meridian,* 299 U.S. 109, 112 (1936); *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 550 (6th Cir. Ohio 2006); *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990).

The presence or absence of "arising under" or "federal question" jurisdiction is governed by the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). In order to determine whether "arising under" or "federal question" jurisdiction exists, the court looks to the allegations of plaintiff's complaint. *Gully,* 299 U.S. at 112. The federal question "must be disclosed upon the face of the complaint, unaided by the answer." *Id.* at 113. The right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action. *Id.* The possibility or even likelihood that a state court would have to interpret or apply some federal law during a case does not convert the state law claims to federal ones or otherwise support federal question jurisdiction. *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808-09 (1986); *Glovier v. Barton Homes, LLC,* 452 F. Supp. 2d at 660. 657, 660 (W.D. LA 2006).

When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." 28 U.S.C. § 1441(b). A Defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the

forum State. *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 83-84 (U.S. 2005); *V&M Star, LP v. Centimark Corp.,* 596 F.3d 354 (6th Cir 2010).

Removal statutes are strictly construed and "all doubts as to propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999); see also *Union Planters Nat'l Bank v. CBS, Inc.,* 557 F.2d 84, 89 (6th Cir. 1977); *Hudgins Moving & Storage Co., Inc. v. Am. Express Co.,* 292 F. Supp. 2d 991, 995-96 (M.D. Tenn. 2003); *Benton v. Vanderbilt Univ.,* 118 F. Supp. 2d 877, 881 (M.D. Tenn. 2000).

The burden of establishing that removal was proper rests with the defendant as the removing party. *Her Majesty the Queen v. Detroit,* 874 F.2d 332, 229 (6th Cir. 1989). When the party asserting diversity or federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. *Cmty. Ins. Co. v. Rowe,* 85 F. Supp. 2d 800, 804 (S.D. Ohio 1999) (citing *Amen v. City of Dearborn,* 532 F.2d 554, 560 (6th Cir. 1976)). The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993).

### ARGUMENT

#### a.   This Court Lacks "Federal Question" Jurisdiction

First, BANA points out that Johnson fails to set forth federal question jurisdiction.   Pursuant to 28 U.S.C. § 1331, district courts have jurisdiction over

cases arising under the Constitution, law or treaties of the United States. A case arises under federal law only when such creates the cause of action or "where the vindication of a right under state law necessarily turns on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9 (1983).

BANA's complaint for eviction under state law following a mortgage foreclosure by advertisement neither arises under federal law nor relies upon the construction thereof. See *Temptations, Inc. v. Wager,* 26 F. Supp. 2d 740, 744 (D.N.J. 1998); *Sprague v. Bulletin Co.,* 527 F. Supp. 1016, 1017 (E.D. Pa. 1981); see also *Miller v. Norfolk & W. Ry. Co.,* 834 F.2d 556, 562 (6th Cir. 1987). Therefore, there is no federal question jurisdiction and remand is mandated.

### b.   This Court Lacks "Diversity" Jurisdiction

Second, Johnson's removal petition fails to set forth diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, federal district courts have jurisdiction over matters where the plaintiff alleges complete diversity of citizenship and an amount in controversy in excess of $75,000.00. See 28 U.S.C. § 1332.  When federal-court jurisdiction is predicated on the parties' diversity of citizenship, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." 28 U.S.C. § 1441(b).

In the instant case, Johnson neither alleges, nor does an independent inquiry reveal, that the parties are completely diverse. In fact, it appears and Johnson admits she is a resident of Michigan. Furthermore, the only issue in controversy is possession of the property at issue. Johnson claims in her brief that, since there was a finding of diversity in another federal action between these parties, there must be diversity in this eviction action. Johnson's argument is misplaced since this action is not the same action and nor could this action be brought in federal court. Therefore, this Court does not have diversity jurisdiction over the instant matter.

Overall, Johnson's removal fails to set forth either federal question or diversity jurisdiction. As such, this Court is without power to hear the instant matter as well as any motions brought by Johnson. Remand is appropriate because Johnson has failed to carry her burden of demonstrating that the parties are diverse or that this case presents a "federal question" or "arising under" the laws of the United States. Remand is mandated.

### c.   Costs and Attorneys' Fees Incurred as a Result of Removal Should be Awarded to BANA

This case was removed for the purpose of avoiding or delaying the eviction proceedings following a mortgage foreclosure currently pending against Johnson. BANA argues that Johnson's removal was made in bad faith, improper purpose, frivolous, vexatious or wanton conduct. FRCP 11; 28 U.S.C. § 1447. *Bucary v.*

*Rothrock,* 883 F.2d 447, 449 (6th Cir. 1989). BANA further submits that because the Notice of Removal lacks merit and was brought for an improper purpose, costs and attorneys' fees incurred as a result of removal should be awarded to BANA.

The majority of § 1447(c) attorney fees cases involve situations in which the district court has awarded such fees. Those cases that involve a district court's denial of fees or that reverse an award of fees are much less numerous. *Ahearn v. Charter Twp.,* 1998 U.S. App. LEXIS 13445 (6th Cir. Mich. June 18, 1998), Copy attached as **Exhibit A.**

The cases focus on the objective "propriety" of the removal attempt and set forth the following standard: an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was "fairly supportable," *see Schmitt v. Ins. Co. of N. Am.*, 845 F.2d 1546, 1552 (9th Cir. 1988); *Hayden v. Reickerd*, 1993 U.S. App. LEXIS 34104, 1993 WL 523596, at *1-2 (9th Cir. 1993) (unpublished), copy attached as **Exhibit B**, or where there has not been at least *some* finding of fault with the defendant's decision to remove, *see Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Sanford v. Moving Picture Mach. Operators' Protective Union*, 1993 U.S. App. LEXIS 33455, 1993 WL 542168, at *1 (4th Cir. 1993) (unpublished), copy attached as **Exhibit C**.

By reverse implication, a court abuses its discretion by refusing to award fees where the defendant's argument for removal was devoid of even fair support.

See generally *Ahearn*. The reverse implication, spoken of in *Ahearn,* was clearly the case in *Chase Manhattan Mortg. Corp.* v. Smith, 507 F.3d 910 (6th Cir. Ohio 2007), a foreclosure challenge, where an attorney fee award of over six thousand dollars was ordered and affirmed against the removing pro per parties. The magistrate determined that the district court had neither diversity nor federal question jurisdiction over the matter and concluded that the Smiths' removal action was "devoid of even fair support." The same lack of jurisdiction over the matter and being "devoid of even fair support" is true in the matter presently before this Court.

The timing of Johnson's removal also bears consideration. Johnson's Notice of Removal was filed in the midst of an eviction proceeding following a mortgage foreclosure pending in the state court. While standing alone, one could argue that Johnson should enjoy the benefit of the doubt. When placed in context of the totality of all the facts and circumstances, however, any such benefit is quickly overshadowed by the true nature of Johnson's conduct, i.e. avoidance, delay, bad faith, improper purpose, frivolous, vexatious or wanton conduct. BANA therefore respectfully requests that, pursuant to 28 U.S.C. § 1447, this Court order Johnson to pay BANA's costs and attorney fees incurred in having to respond, to review in excess of 1000 pages and to file its motion to remand.

## CONCLUSION

Johnson failed to carry her burden of demonstrating that this case presents a case under diversity or a case that presents a "federal question" or "arising under" the laws of the United States. Johnson filed the Notice of Removal during the pendency of eviction proceedings against her, and only weeks before BANA's motion for possession and the trial date.

This foreclosure challenge and eviction has been pending for approximately two years and was again needlessly delayed by a removal to this Court on grounds which unquestionably lack merit. For all of these reasons, this case should be immediately remanded to state court and all costs and attorney fees incurred by BANA in connection with having to bring this motion to remand should be awarded to BANA. An affidavit and a copy of the costs and fees necessitated by this removal to date is attached as **Exhibit D.**

Dated: July 10, 2014

Respectfully Submitted,
TROTT & TROTT, P.C.

/s/ Richard Welke
Richard Welke (P44403)
Attorney for Plaintiff, Bank of America, N.A.
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
(248) 723-5765
rwelke@trottlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2014, I caused to be electronically filed **Bank of America's Motion to Remand** and this **Certificate of Service** with the Clerk of the Court using the ECF E-Filing system which will send electronic notice to all ECF Participants.

Dated: <u>July 15, 2014</u>

Respectfully Submitted,
TROTT & TROTT, P.C.

<u>/s/ Richard Welke</u>
Richard Welke (P44403)
Attorney for Plaintiff
Bank of America, N.A.
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
(248) 723-5765
rwelke@trottlaw.com