IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP, et al, <br><br> Plaintiffs, <br><br> v. <br><br> Damita C Johnson El Bey, <br><br> Defendant. | Case No. 4:14-cv-12505 <br> Hon. Terrence G. Berg <br> Magistrate Mona K. Majoub |
| TROTT & TROTT, P.C. <br> By: Richard Welke (P44403) <br> Attorney for Plaintiffs <br> Bank of America, N.A. <br> 31440 Northwestern Highway, Suite 200 <br> Farmington Hills, Michigan 48334 <br> (248) 723-5765 <br> rwelke@trottlaw.com | Damita C. Johnson <br> Defendant <br> In Pro Per <br> 18945 Fielding <br> Detroit, Michigan 48219 <br> johnsondamita@sbcglobal.net |

## BANK OF AMERICA, N.A.'S RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY JUDGE [ECF DOC #14]

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

Now Comes the Plaintiff, Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP (hereinafter referred to as "BANA" ), and hereby responds to Defendant's Motion to Disqualify Judge, ECF Doc #14, as follows:

BANA notes that the Defendant has filed numerous pleadings, some that have various labels/titles that contain duplicative/repetitive allegations and exhibits and other entitled motions/pleadings that have been more specific. All, however, have in common that they 1) are intended to unnecessarily delay the legitimate eviction of the Defendant and 2) are devoid of legal merit.

To the extent appropriate, BANA relies upon the argument and authority set forth in its Motion for Judgment of Possession and in its Motion for Remand for purposes of responding to the individual allegations in Johnson's instant pleadings. BANA denies any wrongdoing, improper or illegal conduct in its relationship with the Defendant as mortgagor and BANA, individually and collectively, hereby responds to the Defendant's Motion to Disqualify Judge (ECF Doc #14) as follows:

1. To the extent that Defendant alleges impropriety and/or bias and requests that the Hon. Terrence G. Berg disqualify himself from presiding over this matter, the request is without legal merit based on accepted standards and known existing facts. Accordingly, this motion should be denied.

2. To the extent the allegations in this motion/pleading refer to or relate to any issues raised by or in BANA's Motion to Remand, BANA denies

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

any wrongful, improper and/or illegal conduct and argues that the allegations are without legal merit.

3. To the extent the allegations in this motion/pleading refer to or relate to any issues raised by or in the prior litigation, BANA denies any wrongful, improper and/or illegal conduct and argues that the allegations are without legal merit.

4. To the extent the allegations in this motion/pleading refer to or relate to any issues raised by or in BANA's mortgage foreclosure by advertisement, BANA denies any wrongful, improper and/or illegal conduct and argues that the allegations are without legal merit.

5. To the extent the allegations in this motion/pleading refer to or relate to any discovery issues, BANA denies any wrongful, improper and/or illegal conduct and objects to any requests and argues that the allegations are without legal merit.

6. To the extent the allegations in this motion/pleading refer to or relate to any issues raised in or by administrative complaints filed by the Defendant, BANA denies any wrongful, improper and/or illegal conduct and argues that the allegations are without legal merit.

7. To the extent that discovery is demanded or sought, such demand is improper pursuant FRCP 26(d)(1).

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525

8. To the extent the allegations in this motion/pleading refer to or relate to any issues raised in miscellaneous matters not covered or raised by any of the above responses, BANA denies any wrongful, improper and/or illegal conduct and argues that the allegations are without legal merit.

Dated: July 22, 2014

Respectfully Submitted,
TROTT & TROTT, P.C.

/s/ Richard Welke
Richard Welke (P44403)
Attorney for Plaintiffs
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
(248) 723-5765
rwelke@trottlaw.com

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

Johnson - Motion To Disqualify Judge 7-22-2014.Final
4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP, et al,<br><br>    Plaintiffs,<br><br>v.<br><br>Damita C Johnson El Bey,<br><br>    Defendant. | Case No. 4:14-cv-12505<br>Hon. Terrence G. Berg<br>Magistrate Mona K. Majoub |
| TROTT & TROTT, P.C.<br>By: Richard Welke (P44403)<br>Attorney for Plaintiffs<br>Bank of America, N.A.<br>31440 Northwestern Highway, Suite 200<br>Farmington Hills, Michigan 48334<br>(248) 723-5765<br>rwelke@trottlaw.com | Damita C. Johnson<br>Defendant<br>In Pro Per<br>18945 Fielding<br>Detroit, Michigan 48219<br>johnsondamita@sbcglobal.net |

## BRIEF IN SUPPORT OF BANK OF AMERICA, N.A.'S RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY JUDGE [ECF DOC #14]

## TABLE OF CONTENTS

INDEX OF AUTHORITIES .................................................................................. ii

FEDERAL DISQUALIFICATION/RECUSAL STANDARDS ..................... 1

    a.    Johnson's claims of Disqualifying Prejudice and/or Bias are not Personal or Extrajudicial ............................................................................ 5

    b.    Johnson's claims of Disqualifying Prejudice and/or Bias are based 'On the Subjective View of a Party' ...................................................... 6

CONCLUSION ...................................................................................................... 8

CERTIFICATE OF SERVICE .............................................................................. 9

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

# INDEX OF AUTHORITIES

## CASES

*Alley v Bell,*
   307 F.3d 380, 388 (6th Cir. 2002) ................................................................. 3

*Beland v United States,*
   5 Cir., 117 F.2d 958 (1941) cert den 313 U.S. 585, 61 S. Ct. 1110, 85 L. Ed. 1541. ........................................................................................................... 4

*Browning v. Foltz,*
   837 F.2d 276, 279 (6th Cir. 1988) ................................................................. 1

*Brown v. Wilson,* D.C.Pa.,
   363 F. Supp. 707 (1973) ................................................................................. 4

*Griffith v. Edwards,*
   8 Cir., 493 F.2d 495 (1974) cert. den. 419 U.S. 485, 95 S. C.t 113, 42 L. Ed. 2d 97 ........................................................................................................ 4

*Hughes v. United States,*k
   899 F.d 1495, 1501 (6th Cir. 1990) ............................................................... 1

*In re Antar,*
   71 F.3d 97 (3rd Cir. 1995) .............................................................................. 3

*In re Drexel Burnham Lambert, Inc.,*
   861 F.2d 1307, 1312 (2nd Cir. 1988) ............................................................. 1

*In re Murchison,*
   349 U.S. 133, 136 75 S. Ct. 623, 99 L. Ed.942 (1955) ................................. 2

*Ligon v. City of New York (In re Reassignment of Cases),*
   736 F.3d 118, 123 (2nd Cir. 2013) ................................................................ 2

*Liteky v. United States,*
   510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 474 (1994) ............. 1, 3, 6

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

*United States v. Falcone*,
  3 Cir., 505 F.2d 478 (1974) .................................................................... 5

*United States v. Grinnell Corp.*,
  384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966) ............. 2, 3, 5

*United States v. Mitchell, D.C.D.C.*,
  377 F. Supp. 1312 (1974) ........................................................................ 4

*United States v. Sammons*,
  918 F.2d 592, 598 (6th Cir. 1990) ....................................................... 2, 5

*United States v. Nelson*,
  922 F.2d 311, 319 (6th Cir. 1990) ....................................................... 1, 7

*United States v. Studley*,
  783 F.2d 934, 940 (9th Cir. 1986) ........................................................... 1

*United States v. Thompson*,
  3 Cir., 483 F.2d 527 (1973) .................................................................... 5

*United States v. Thomas, D.C., Mo.*,
  299 F. Supp. 494 (1968) ......................................................................... 4

*United States v. Zagari*,
  419 F. Supp. 494, 501 (N.D. Cal. 1976) ................................................. 4

*Wheeler v. Southland Corp.*,
  875 F.2d 1246, 1251 (6th Cir. 1989) ................................................... 1, 2

*Wolfson v. Palmieri*,
  2 Cir. 396 F. 2d 121 (1968) .................................................................... 5

*Woodruff v. Tomlin*,
  593 F.2d 33, 44 (6th Cir. 1979) .............................................................. 2

*Youn v. Track, Inc.*,
  324 F.3d 409 (6th Cir. 1980) .................................................................. 2

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

## **STATUTES**

28 U.S.C. § 144 .................................................................................................. 3
28 U.S.C. § 455(a) .......................................................................................... 1, 3
28 U.S.C. § 455(b) ............................................................................................ 5

## **OTHER**

Flamm, Judicial Disqualification 2d § 25.99 ..................................................... 3

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

## FEDERAL DISQUALIFICATION/RECUSAL STANDARDS

The standards for disqualification are well known to this Court. Demands for disqualification or recusal of a federal judge are directed in the first instance to the judge sought to be disqualified. *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2nd Cir. 1988).

The standard applied in evaluating disqualification/recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.

This standard, however, is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). Review is for abuse of discretion. *Wheeler*, 875 F.2d at 1251. 28 U.S.C. § 455(a) requires disqualification in any proceeding in which a judge's impartiality might

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

reasonably be questioned. "This statute embodies the principle that 'to perform its high function in the best way justice must satisfy the appearance of justice.'" *Ligon v. City of New York (In re Reassignment of Cases)*, 736 F.3d 118, 123 (2nd Cir. 2013), quoting *In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955).

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons*, 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler*, 875 F.2d at 1250. Personal bias arises out of the judge's background and associations. Id. "The disqualifying prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966); *see also Youn v. Track, Inc.*, 324 F.3d 409 (6th Cir. 2003), citing *Grinnell, supra*; *Bradley v. Milliken*, 620 F.2d 1143, 1157 (6th Cir. 1980); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979).

The Supreme Court has held:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 554-55, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The *Liteky* Court went on to hold: *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune. 510 U.S. at 555.

In *Liteky* itself the Court approved as a common practice the retrial of cases on remand by the same judge who heard them before appeal. Since the decision in *Liteky, supra*, "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial Disqualification 2d § 25.99, citing *In re Antar*, 71 F.3d 97 (3rd Cir. 1995).

Under 28 U.S.C. § 144, the movant must submit an affidavit accompanying such a motion. Here, Johnson only makes broad and conclusory statements that the Judge did not follow the law in the prior case, which is not

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

only defective for lack of specificity, but also defective because the bias is not "personal."

In *United States v. Zagari,* 419 F. Supp. 494, 501 (N.D. Cal. 1976), the court noted certain protections to avoid giving a party an almost absolute veto of one judge assigned to a case and the consequent disruption and delay of the judicial process, imposing some additional safeguards: (1) The judge is presumed to be qualified, and there is a substantial burden upon the movant to show that such is not the case. *United States v. Thomas,* D.C. Mo., 299 F. Supp. 494 (1968); *Brown v. Wilson,* D.C.Pa., 363 F. Supp. 707 (1973), (2) the affidavit is strictly construed for sufficiency against the party seeking disqualification. *Beland v. United States,* 5 Cir., 117 F.2d 958 (1941), cert. den. 313 U.S. 585, 61 S. Ct. 1110, 85 L. Ed. 1541, (3) The statutory requirement that the affidavit must state the facts and reasons showing disqualification has been construed to require that it set forth the identifying facts of times, places, persons, occasions and circumstances with the particularity that would be reasonably expected in a bill of particulars. *United States v. Mitchell,* D.C.D.C., 377 F. Supp. 1312 (1974). It must set out objective facts, as general or conclusory allegations will not support disqualification. *Griffith v. Edwards,* 8 Cir., 493 F.2d 495(1974), cert. den. 419 U.S. 485, 95 S. Ct. 113, 42 L. Ed. 2d 97, and (4) The facts in the affidavit

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

must show that the bias or prejudice is personal, as opposed to judicial, in nature; that is, an attitude of extra-judicial origin. *Wolfson v. Palmieri*, 2 Cir., 396 F.2d 121 (1968); *United States v. Thompson*, 3 Cir., 483 F.2d 527 (1973); *United States v. Falcone*, 3 Cir., 505 F.2d 478 (1974).

### a. Johnson's claims of Disqualifying Prejudice and/or Bias Are Not Personal Or Extrajudicial

Johnson's rational for seeking disqualification of Judge Berg is based in large part on 1) the opinions of the Judge Berg in the prior litigation, 2) the determinations of Judge Berg in the prior litigation and 3) the decision by Judge Berg to dismiss in the prior litigation. See generally pp 6, 15, 17, 20, 23, 28, 30, 31 and 34.

As stated, a disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons*, 918 F.2d 592, 598 (6th Cir. 1990). Personal bias arises out of the judge's background and associations. *Id.* "The disqualifying prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966).

Johnson does not assert any extrajudicial bias and has not moved for disqualification under §455(b) which requires recusal "[w]here [a judge] has a personal bias or prejudice concerning a party or personal knowledge of

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

disputed evidentiary facts concerning the proceeding;" The primary basis for Johnson seeking disqualification is what Judge Berg learned from his participation in the prior case. Johnson asserts that Judge Berg is biased against her because of Judge Berg's opinions, determinations and Judge Berg's decision to dismiss in the prior litigation. Johnson cites no examples of extrajudicial bias except those relating to Judge Berg's participation in the prior case. Accordingly the motion to disqualify should be denied.

### b. Johnson's claims of Disqualifying Prejudice and/or Bias Are Based 'On the Subjective View of a Party'

Johnson's claims of disqualifying prejudice and/or bias are based on her own subjective view of what occurred in the prior litigation. See specifically pp 41-42 and generally pp 6, 15, 17, 20, 23, 28, 30, 31 and 34. Johnson's rationale for her subjective belief that she will not receive an impartial review is based on the opinions, the determinations and the decision to dismiss in the prior litigation by Judge Berg. Johnson does not and cannot claim that a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.

While the standard for evaluating disqualification/recusal motions is an objective one, *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994), a federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

that the judge's impartiality might reasonably be questioned. This standard, however, is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990).

Johnson's claims of prejudice and/or bias are based on her own subjective view of what occurred in the prior litigation and, because she believes the same result will occur, she filed this motion. Her basis for disqualification is legally deficient and, accordingly, the motion should be denied.

Johnson's claim that Judge Berg improperly converted a motion in the prior litigation from a 12(b)(6) to a rule 56 motion, pp. 26-27, and claims of bias based on national origin, pp. 15 and 41, are likewise without legal merit. The conversion was permissible under both the court rule and case law. Johnson's claim that she was and still is a sovereign, who is entitled to the benefits of the law while having no obligation to follow it has been rejected by virtually all courts that have considered the concept.

Likewise, Johnson's filing a complaint with the Sixth Circuit, but not attaching a copy, is yet another tactic intended to delay. Presumably, the allegations are the same and, if so, the complaint is frivolous and should be summarily dismissed.

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

Johnson's claims of prejudice and/or bias are based on her own subjective view of what occurred in the prior litigation and, because she believes the same result will occur, she filed this motion. Her basis for her request to disqualify the judge is without legal merit and the motion should be denied.

## CONCLUSION AND RELIEF REQUESTED

For all of the reasons stated, argument presented and authority cited. BANA argues that Johnson's Motion to Disqualify Judge should be denied.

Dated: <u>July 22, 2014</u>  Respectfully Submitted,
TROTT & TROTT, P.C.

/s/ Richard Welke
Richard Welke (P44403)
Attorney for Plaintiffs
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
(248) 723-5765
rwelke@trottlaw.com

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP, et al, <br><br> Plaintiffs, <br><br> v. <br><br> Damita C Johnson El Bey, <br><br> Defendant. | Case No. 4:14-cv-12505 <br> Hon. Terrence G. Berg <br> Magistrate Mona K. Majoub |
| TROTT & TROTT, P.C. <br> By: Richard Welke (P44403) <br> Attorney for Plaintiffs <br> Bank of America, N.A. <br> 31440 Northwestern Highway, Suite 200 <br> Farmington Hills, Michigan 48334 <br> (248) 723-5765 <br> rwelke@trottlaw.com | Damita C. Johnson <br> Defendant <br> In Pro Per <br> 18945 Fielding <br> Detroit, Michigan 48219 <br> johnsondamita@sbcglobal.net |

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525

## CERTIFICATE OF SERVICE

I hereby certify that on July22, 2014, I caused to be electronically filed *Bank of America, N.A.'s Response to Defendant's Motion to Disqualify Judge [ECF Doc #14], Brief in Support of Response* and this *Certificate of*

*Service* with the Clerk of the Court using the ECF E-Filing system which will send electronic notice to all ECF Participants.

Dated: July 22, 2014           Respectfully Submitted,
                                       TROTT & TROTT, P.C.

                                       /s/ Richard Welke
                                       Richard Welke (P44403)
                                       Attorney for Plaintiffs
                                       31440 Northwestern Highway, Suite 200
                                       Farmington Hills, Michigan 48334
                                       (248) 723-5765
                                       rwelke@trottlaw.com

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525