UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,                              CIV. NO. 14-12505

    v.                                       HON. TERRENCE G. BERG

DAMITA JOHNSON EL BEY,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. 25)**

This is an eviction action, removed from Michigan's 36th District Court by Defendant Damita Johnson El Bey ("Ms. El Bey") (Dkt. 1). Presently before the Court is Plaintiff Bank of America, N.A.'s ("Bank of America") motion to remand (Dkt. 25).[1] Ms. El Bey has also filed many other motions: to disqualify the undersigned Judge (Dkt. 14), for a temporary restraining order (Dkt. 21), to strike Bank of America's motion for possession (Dkt. 22), to compel discovery (Dkt. 24), to disqualify counsel (Dkt. 26), to strike Bank of America's motion to remand (Dkt. 27), "to be awarded standing" (Dkt. 41), for an injunction (Dkt. 44) and for summary judgment (Dkt. 45).

By way of brief background, these parties were previously before this Court in litigation initiated by Ms. El Bey challenging the foreclosure of her mortgage (E.D. Mich. Case No. 13-12170). On February 7, 2014, the Court granted Defendants' motion to dismiss (Case No. 13-12170; Dkt. 23), and dismissed that

---

[1] Bank of America also re-filed a motion for possession of property (Dkt. 13), which had been pending in the 36th District Court at the time of removal.

case with prejudice. The Court denied Ms. El Bey's motion for reconsideration on March 24, 2014 (Case No. 13-12170; Dkt. 27). Ms. El Bey did not appeal this decision, and the time to do so expired months ago. *See* Fed. R. App. P. 4 (notice of appeal must be filed within 30 days of final order).

For the reasons set forth below, the Court finds that this matter was improperly removed from Michigan's 36th District Court. Thus, Bank of America's motion to remand is **GRANTED** and this matter is **REMANDED** to Michigan's 36th District Court. All of Ms. El Bey's other motions pending before this Court are **DENIED AS MOOT**.

## ANALYSIS

Ms. El Bey – the defendant in a state eviction proceeding – removed this matter to this Court on June 25, 2014 (Dkt. 1). Ms. El Bey, however, is a citizen of Michigan (Dkt. 1; *see also*, Case No. 13-12170, Dkt. 23 at 8, finding that Ms. El Bey is a citizen of Michigan). There is no federal question involved in the removed state eviction proceeding. Thus, diversity jurisdiction is the only possible grounds for removal. The removal statute provides that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) [diversity jurisdiction] of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

Under the terms of this statute, a Michigan citizen, who is sued as the defendant in a Michigan State Court civil action, is not permitted to remove the

case to Federal Court on the basis of diversity jurisdiction. Therefore, this case must be remanded to Michigan's 36th District Court.

Bank of America also requests an award of costs and attorneys' fees. Pursuant to 28 U.S.C. § 1447(c), the Court has discretion to award costs and fees: "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court finds that assessing costs and fees against Ms. El Bey is not warranted. Ms. El Bey, a pro se litigant, likely was unaware of the statutory provision prohibiting Michigan defendants from removing civil cases to this Court on the basis of diversity jurisdiction. Bank of America removed Ms. El Bey's prior mortgage foreclosure challenge to this Court (E.D. Mich. Case No. 13-12170; Dkt. 1), plausibly leading her to believe that the subsequent eviction action could similarly be removed. Furthermore, there is no evidence that Ms. El Bey removed this action to significantly delay the eviction proceedings. An award of costs and fees is not warranted.

## CONCLUSION

For the reasons set forth above, Bank of America's motion to remand is **GRANTED** and this matter is **REMANDED** to Michigan's 36th District Court. All of Ms. El Bey's remaining motions are accordingly **DENIED AS MOOT**. **SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
Dated: August 15, 2014　　　　　UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that this Order was electronically submitted on August 15, 2014, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager